### Sciullo *v.* Scholz et al., Appellants.

Argued October 12, 1936. Before KEPHART, C. J., SCHAFFER, DREW, LINN and STERN, JJ.

*Lawrence D. Blair,* with him *Moorhead & Knox,* for appellants.

*Henry Kauffman,* with him *Louis Little,* for appellee.

270

Opinion by Mr. Justice Stern, November 23, 1936:

Selecting from testimony of each of plaintiff's witnesses in this case the parts most favorable to her cause, the happening of the accident may be described as follows: On a clear, sunny morning in October, 1933, plaintiff's decedent, aged forty-two, was walking west across Tenth Street approximately along the northerly line of Exchange Way in the City of Pittsburgh. These two thoroughfares intersect one another at right angles, Tenth Street being thirty-five feet from curb to curb and running in a northerly and southerly direction, and Exchange Way, which has no sidewalks, being twenty feet wide from houseline to houseline, and running east and west. There were numerous vehicles parked on each side of Tenth Street both south and north of Exchange Way; more particularly, an automobile was standing along the east curb at or slightly below the southerly line of Exchange Way, and immediately to the west of it was parked a truck; these two vehicles occupied almost the entire east half of Tenth Street. Defendants' truck came north in back of and on a line with the parked truck, and when within ten or fifteen feet of it swung to the left in order to pass it. This brought defendants' truck over to the west half of Tenth Street, where ordinarily the traffic would be southbound. The driver was looking sidewise instead of to the front, and, without sounding any horn or giving other warning, crossed Exchange Way at a speed of from twenty to twenty-five miles an hour and struck decedent when the latter was about three-fourths of the way across Tenth Street and therefore within eight or nine feet of the west curb. Decedent was hit by the center of the bumper, was thrown forward some ten to fifteen feet, and was killed; the truck proceeded five or six feet after striking him. Decedent had looked to the north and to the south before leaving the east curb, and had kept looking in both directions as he went across until he got to the middle of the street; there (according to one witness) he looked again in both

directions or (according to others) looked to the right and was about to look to the left when defendants' truck was upon him. The present action is by his widow on behalf of herself and children; the jury returned a verdict of $8,500. Defendants appeal from the action of the court below in overruling their motions for judgment n. o. v. and for a new trial.

That the evidence to establish defendants' negligence was sufficient to go to the jury is too clear for argument. The driver of the truck had the right to go temporarily beyond the center of the highway in order to pass the parked vehicles on the right hand side of the road, but liability could certainly be inferred from his neglect to give warning of his approach on the side of the street where the traffic was usually from the north, from his lack of attention to the road ahead of him, from the rate of speed with which he crossed the intersecting thoroughfare, and from his failure to have the truck under such control that it could be stopped at the crossing on the shortest possible notice.

Defendants' motion for judgment n. o. v. is based upon the argument that the decedent was guilty of contributory negligence as a matter of law. From the facts as narrated, however, it is clear that this contention is without merit. Decedent was walking across the street at a regular crossing, and while, nevertheless, the law required him to be constantly vigilant and to keep looking in both directions as he proceeded, the evidence offered on behalf of plaintiff indicated that he performed this duty. Even ignoring the statement of the one witness that at the middle of the street decedent looked both to the north and to the south, and even if, as some of the witnesses testified, he looked first to the north when he arrived midway in the intersection, and was struck just as he was about to shift his gaze to the south, it cannot be said as a matter of law that he was negligent merely because in alternating his glances he happened at that particular point to look first in the direction from which

traffic would ordinarily be expected to come. Under such circumstances the jury was the proper tribunal to judge his conduct. It is to be noted that, according to the evidence of distances and of speed, from the time when defendants' truck swung from behind the parked truck until it struck decedent not more than two seconds could have elapsed. Plaintiff's case, therefore, rests upon positive evidence in addition to the legal presumption that decedent used due care.

Defendants' motion for a new trial was based principally upon a statement in the learned trial judge's charge to the effect that "If the driver of the truck came out and did not stop and did not look, and if, had he looked and used reasonable care, he could have avoided this accident, then he would be guilty of negligence." It is argued that this placed upon defendants' driver the absolute duty to stop at the crossing. While, taken by itself, the sentence referred to is fairly open to the criticism made of it, the objection loses its force when the charge is read as a whole. Several times the court correctly told the jury that it was the driver's duty merely to maintain a control sufficient to enable him to stop on the shortest possible notice if such action became necessary in order to avoid an accident, that he was not chargeable with an emergency that he could not have foreseen, and that he was not responsible if decedent stepped out suddenly from in front of the parked truck. It is worthy of observation that the sentence of the charge complained of apparently did not seem at the time to give an erroneous impression of the law because counsel took only a general exception.

The other questions suggested by the assignments of error are not sufficiently serious to merit discussion.

The judgment is affirmed.